UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:20-CR-00294-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STEVEN MARCUS KELLEY** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Before the Court is a Motion in Limine [Doc. No. 29] filed by the United States of America ("USA"). An Opposition [Doc. No. 31] was filed by Defendant Steven Marcus Kelley ("Kelley") on September 7, 2021.

In its Motion, the USA seeks a pre-trial order (1) permitting at trial limited evidence to establish the defendant was under state indictment for sex crimes involving minors at the time of the alleged murder-for-hire, and (2) precluding the defense from introducing evidence that amounts to a mini trial on the merits of the pending state sex crimes case.

For the reasons set forth herein, the USA's Motion in Limine is GRANTED.

**I.    BACKGROUND**

On December 16, 2020, Kelly was indicted for use of a facility of interstate commerce in the commission of a murder-for-hire, pursuant to 18 U.S.C. § 1958. The Indictment [Doc. No. 2] alleged that Kelley did knowingly use the mail with the intent that the murder of J.K. be committed in violation of the laws of the State of Louisiana, and that money or other items of pecuniary value were promised as consideration for the murder.

On February 1, 2021, Kelley entered a plea of not guilty to the charge [Doc. No. 12]. The case is scheduled for trial on October 25, 2021 [Doc. No. 28]. On June 22, 2021, the USA filed a

Notice of Intent to Introduce at Trial Intrinsic Evidence or, Alternatively, Extrinsic Evidence Pursuant to 404(b) ("Notice of Intent") [Doc. No.17].

In the Notice of Intent, the USA alleged that on April 4, 2019, Kelley had been charged in the State of Louisiana, Fourth Judicial District Court, with multiple counts of first-degree rape, sexual battery, and molestation of a juvenile. The victims were alleged to be Kelley's former stepdaughters, who were around 8 and 12 years of age when the crimes first began.

The Notice of Intent further alleged that in December 2019, while Kelley was incarcerated at the Ouachita Correctional Center ("OCC"), and awaiting trial on the state charges, he authored and mailed a murder-for-hire letter from OCC, which offered the sum of $10,000 for the murder of a woman who was determined to be his ex-wife, who was the mother of the victims in the pending state sex crimes case.

As a result of the Notice of Intent, the USA sought to be allowed to introduce evidence of Kelley's pending state sex crimes as intrinsic evidence of the charged conduct and/or to prove his motive and intent under Fed. R. Evid. 404(b).

Thereafter, on August 20, 2021, the USA filed the pending Motion in Limine [Doc. No. 29], which seeks to determine the extent of the evidence regarding the pending state sex charges that can be presented at trial. The USA seeks to present only evidence that the charges were pending while Kelley evidently seeks a mini trial to show the validity of the sex abuse charges.

**II.   LAW AND ANALYSIS**

The Court will first determine whether evidence of the pending state sex abuse charges is admissible in Kelley's trial. If admissible, the Court will then determine what type of evidence will be admitted at the trial.

### A.     Admissibility

There is no real dispute regarding the admissibility of the state sex abuse charges at Kelley's trial.  This evidence is admissible on two grounds.  First, the evidence of the state sex abuse charges is admissible as intrinsic evidence of the charged conduct.  Intrinsic evidence is evidence that is "inexorably intertwined" with evidence used to prove the crime charged.  *United States v. Sudeen*, 434 F.3d 384, 388-89 (5th Cir. 2005).

In *United States v. Gurrola*, 898 F.3d 524 (5th Cir. 2018), in a very factually similar case, the Fifth Circuit found testimony of a state prosecutor as to pending sex abuse charges against the defendant was "inextricably intertwined" with the murder conspiracy.  In that case, like this one, the motive for the murder of the victim was a pending state charge of sexually assaulting the defendant's five-year-old stepdaughter.

Additionally, evidence of the state sex abuse charges are admissible to prove Kelley's motive and intent to commit the crime under Fed. R. Evid. § 404(b).  Although evidence of other crimes is not admissible to prove the character of a person in order to show conformity therewith, such evidence is admissible to prove motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

Under *Beechum's* two-step process, in analyzing whether extrinsic evidence is admissible, it must first be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character; second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements under Fed. R. Evid. § 403.

This Court finds the evidence of Kelley being charged with sex crimes is relevant to the issue of his motive and intent to commit the crime charged in this proceeding. This Court also finds the evidence has probative value that is not substantially outweighed by undue prejudice and meets the other requirements under Fed. R. Evid. § 403.

Therefore, evidence of the state sex abuse charges is admissible at Kelley's trial.

**B.    Extent of Admissibility**

Having found that evidence of the state sex abuse charges is admissible at Kelley's federal trial, the next question is how much of the evidence will be admitted. The USA wants to admit the indictment to prove the mere existence of the charges that were pending at the time Kelley allegedly wrote the murder-for-hire letter. Kelley wants a mini trial of the state sex abuse charges allegedly in order to disprove the state charges and the motive for committing the federal crime. He seeks to call the detective, the victims, the sexual assault nurse examiner, and the assistant district attorney prosecuting the case.

The USA argues that the mere existence of the state charges, which put the defendant in jail at OCC, is what is important, not the detailed facts of the case. The USA maintains that specific evidence of the crimes by conducting a mini trial must be excluded under Fed. R. Evid. § 403 because the probative value of the testimony is substantially outweighed by the danger of confusing the issues, misleading the jury, and unfair prejudice.

Kelley argues that evidence of the testimony of the witnesses in the state sex crimes case would give a complete picture to the jury of the circumstances under which he acted, and exclusion of this evidence would prohibit him from being able to present a defense. He also argues the lack of strong evidence in the state case shows he did not have the motive or intent to commit the federal crime. Further, he argues that one of the victims gave a statement that he never did anything sexual

4

to her and that the second victim was unable to accurately recollect even one event of the sexual abuse after initially telling the investigator that she had been raped over 200 times. Additionally, he argues that the second victim had a normal medical exam.

In *U.S. v. Gurrola*, 898 F.3d 524 (5th Cir. 2018), *Gurrola*, (who was charged in Texas for sexually assaulting his five-year-old stepdaughter) was charged with conspiring to kill his ex-wife in Mexico. *Gurrola's* ex-wife was going to testify in the state court proceeding as to what her 5-year-old daughter had told her about the sexual assault. *Gurrola* allegedly contrived a plan to kill his ex-wife, while she was in Mexico, in order to defeat the Texas sexual assault charges.

In *Gurrola*, Penny Hamilton, the prosecutor in the Texas criminal proceeding, was allowed to testify in the federal trial about her investigation of *Gurrola*, the indictment in the case, and the potential punishment that he faced if convicted. The Fifth Circuit upheld the testimony, finding that the prosecutor's testimony was inextricably intertwined with the murder conspiracy. It established the timeline of events leading up to the murder, and it allowed the jury to evaluate all the circumstances under which *Gurrola* acted.

Whether Kelley will be convicted of the sex abuse charges is not the issue. Additionally, proof of these crimes is not an element of the federal crime with which he is charged. What is important to the case is the fact that Kelley was charged with the state sex abuse charges and was locked up at OCC because of the state charges.

Therefore, this Court will not allow a mini trial of the state sex abuse charges. The Court will allow evidence showing the existence of the charges, redacted ID of the victims, (such as Indictment or Bill of Information), the date or dates set for the state trial, the potential punishment that Kelley faced if convicted, that he was in OCC because of the state charges, minutes relating

to the proceeding, and/or other documents relating to the existence of the proceeding. Other relevant evidence may be admitted by consent of this Court.

This Court believes that conducting a mini trial of the state sex abuse charges would be confusing to the jury and is not relevant or necessary. Whether the charges are valid or not, the fact that the charges existed, and the fact that Kelley was in jail at OCC awaiting trial on the charges, is what is relevant to the motive and intent to commit the federal crime.

A limiting instruction will also be given to the jury regarding the evidence.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion in Limine [Doc. No. 29] is **GRANTED.**

**MONROE, LOUISIANA**, this 20th day of September 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT COURT

6