UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:20-CR-00294** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STEVEN MARCUS KELLEY** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### MEMORANDUM RULING

Pending before the Court is a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 97] filed by Defendant Steven Marcus Kelley ("Defendant" or "Kelley"). The United States of America ("the Government") filed a Response [Doc. No. 104].

Upon review of the entire record, the Court finds this matter can be decided without an evidentiary hearing. For the reasons set forth herein, Kelley's Motion is **DENIED.**

### I.    BACKGROUND

On December 16, 2020, a federal grand jury returned an indictment charging Kelley with Use of a Facility of Interstate Commerce in the Commission of Murder-for-Hire, in violation of 18 U.S.C. § 1958 [Doc. No. 1]. On July 6, 2021, Devin Jones enrolled as counsel of record [Doc. No. 22].

On June 22, 2021, the Government filed a "Notice of Intent to Introduce at Trial Intrinsic Evidence or Alternatively Extrinsic Evidence Pursuant to 404(b)" [Doc. No. 17]. In that notice, the Government argued for the admissibility of evidence of the Defendant's sex crimes involving his stepdaughters. *Id*.  The Government argued that this evidence was intrinsic to the charged conduct relating to the sending of a murder-for-hire letter as to his ex-wife. *Id*. The Government alternatively argued the evidence was admissible to prove motive and intent. *Id*. The Defendant failed to respond.

1

On October 26, 2021, after a two-day jury trial, Kelley was found guilty as charged [Doc. No. 57]. On February 9, 2022, this Court sentenced Kelley to a statutory maximum sentence of 120 months' imprisonment, followed by three years of supervised release [Doc. No. 72].

Kelley appealed the sentence [Doc. No. 77]. On appeal, Kelley maintained that the district court erred in sustaining hearsay objections that limited his ability to present his defense [Doc. No. 97-1]. Kelley maintained that the district court erred in sustaining hearsay objections regarding his testimony about Nicholas Emmanuel. Additionally, Kelley maintained that his counsel was ineffective by failing to challenge the district court's rulings sustaining the Government's hearsay objections. On May 19, 2023, the United States Court of Appeals for the Fifth Circuit affirmed the Defendant's conviction [Doc. No. 96].

On May 23, 2024, Defendant filed the present Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Doc. No. 97]. Kelley alleges "he is being held in violation of the Constitution, laws, or treatise of the United States" based on the following:

1. The District Court's erroneous hearsay rulings substantially limited his ability to present his defense;

2. His defense counsel did not challenge the District Court's ruling sustaining the Government's hearsay objections, and the effect of the error was to deny the defendant of his fundamental right to present a defense; and

3. The District Court abused its discretion in refusing to allow the defendant to counter the Government's motive evidence with evidence that the state charges were evidentially baseless. [Id.]

Additionally, Kelley alleges his counsel was legally ineffective by:

1. failing to investigate, interview, and call on witnesses at trial with evidence in support of Defendant's good faith defense;

2. failing to call witnesses listed on the notice of witnesses filed;

3. failing to present supporting evidence of a conspiracy regarding Defendant's claim of extortion and coercion;

4. failing to object to the prejudicial characterization of Defendant;

5. failing to object and/or correct statements contained within the Pre-Sentencing Report;

6. failing to adhere to the 28 U.S.C. § 530(b) and the ethical standards for the American Bar Association; and

7. failing to inform the Defendant about the implications and restrictions that would result from signing the Government's stipulation. [Id.]

Finally, Kelley maintains that new evidence has been discovered to warrant a new trial pursuant to Fed. R. Criminal. P. 33.

In Response, the Government maintains that Defendant's allegations are meritless [Doc. No. 104]. Further, the Government maintains that Defendant has not presented any newly discovered evidence that would merit a motion for new trial.

## II. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without

jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b).

An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled

4

to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Defendants challenging the performance of their attorneys may bring those challenges under 28 U.S.C. § 2255 without overcoming the procedural bar. In *Massaro v. United States*, 538 U.S. 500, 509 (2003), the Supreme Court held that "ineffective-assistance-of-counsel claims may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id*. at 504. *See United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for the proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel).

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating two-prong *Strickland* test); *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020).

The first prong of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 689). To meet the second prong of *Strickland*, the defendant must show that counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 695. A reasonable probability

5

is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. The defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

### III. ANALYSIS

The Court finds that, except for the ineffective assistance of counsel claims, all of Kelley's allegations are procedurally barred as they were raised and rejected on appeal. Nevertheless, the Court shall analyze each claim.

#### A. Evidentiary Issues Already Raised on Appeal

First, Kelley asserts that the district court erroneously sustained hearsay objections, and the effect of these rulings substantially limited his ability to present his defense.[1] Next, Kelley asserts that his counsel was legally ineffective by failing to challenge the district court's ruling sustaining the Government's hearsay objections.[2] Kelley alleges that the effect of this error was to deny him of his fundamental right to present a defense counsel.[3] Finally, Kelley asserts that the district court abused its discretion in refusing to allow him to counter the Government's motive evidence with evidence that the state charges were evidentially baseless.[4]

The Government asserts that these issues have already been raised on appeal.[5] Further, the Government asserts that these issues present no jurisdictional or constitutional issues and are not cognizable.[6] The Court agrees.

---

[1] [Doc. No. 97].
[2] [*Id.*].
[3] [*Id.*].
[4] [*Id.*].
[5] [Doc. No. 104].
[6] [*Id.*].

Generally, issues raised and rejected on appeal cannot be relitigated in a § 2255 motion. *U.S. v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004). Because these issues were already raised and rejected on appeal,[7] the Court finds these claims are meritless.

### B. Ineffective Assistance of Counsel Claims

The Court will now analyze Kelley's ineffective assistance of counsel claims.

#### 1. Failure to interview or investigate witnesses

Kelley argues that his attorney did not fully investigate or interview witnesses.[8] The Government argues that the Defendant's claim is baseless.[9] The Court agrees.

*Strickland* imposed the following standard for investigating claims:

> [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

466 U.S. at 691.

The record reflects that Kelley's attorney conducted a reasonable investigation into multiple witnesses. He interviewed the witnesses about the information presented by Kelley. Kelley has produced no evidence demonstrating that his attorney did not fully investigate the details of the testimony that the witnesses may have provided. Further, Kelley fails to prove how this testimony would have changed the jury's verdict. As such, the Court finds that this claim is meritless.

Kelley has presented nothing to show that his attorney's actions were objectively unreasonable, nor has he shown that they resulted in actual prejudice to the outcome of his trial.

---

[7] [Doc. No. 96].
[8] [Doc. No. 97-1].
[9] [Doc. No. 104].

### 2. Failure to call witnesses

Kelley argues his counsel was legally ineffective by failing to call witnesses listed on the notice of witness filed at the start of trial.[10] The Government asserts that counsel's decision to not call these witnesses was strategic, and it was reasonable and not prejudicial.[11] The Court agrees with the Government.

It is well-established that, because the decision to call witnesses is a strategic decision, complaints concerning the failure to call witnesses are not favored. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *United States v. Harris*, 408 F.3d 186, 190 (5th Cir. 2005). To prevail on a claim based upon a failure to call witnesses, a defendant must name a witness, "demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable." *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010) (citation omitted).

Kelley failed to show that any of the identified witness's testimony would be favorable. Therefore, he cannot meet his burden for prevailing on this type of claim. Further, Kelley's counsel made a strategic decision on calling or, in this case, not calling witnesses. The Court finds this strategic decision did not prejudice Kelley nor was it unreasonable. As such, this claim of error is meritless.

### 3. Failure to correct PSR

Kelley asserts his counsel was ineffective for failing to correct statements within the Pre-Sentencing Report ("PSR").[12] He argues his counsel failed to send or review the PSR with him.[13]

---

[10] [Doc. No. 97].
[11] [Doc. No. 104].
[12] [Doc. No. 97-1].
[13] [*Id.*].

However, Kelley and his counsel testified they were given an opportunity to review the PSR.[14] The Government asserts that Kelley has not established that his attorney's actions during the sentencing proceedings were unreasonable or prejudicial.[15] The Court agrees with the Government.

To show that an attorney's performance at sentencing was prejudicial under *Strickland*, the defendant must demonstrate that counsel's error led to some increase in the length of his imprisonment. *Glover v. U.S.*, 531 U.S. 198, 203 (2001). "[T]he Sixth Amendment guarantees the right to counsel at all critical stages of the prosecution, and this right is applicable during sentencing hearings." *U.S. v. Washington*, 619 F.3d 1252 (10th Cir. 2010) (quoting *United States v. Irorere*, 228 F.3d 816, 826 (7th Cir. 2000)). Because Kelley failed to show that his attorney's actions led to an increase in the length of his imprisonment, the Court finds this argument meritless.

The Court finds that Kelley has presented nothing to show that his attorney's actions during the sentencing process were objectively unreasonable nor has he presented anything to show that they resulted in actual prejudice.

### 4. Failure to file a Motion for a Change of Venue

Kelley asserts his counsel was ineffective by failing to file a motion for a change of venue.[16] The Government asserts Kelley has failed to show that his counsel's actions were unreasonable or prejudicial because there was no viable basis for a motion for a change of venue.[17] The Court agrees with the Government.

To establish prejudice from an attorney's failure to file a motion for a change of venue, a defendant must present evidence that there is a reasonable probability that the trial court would or

---

[14] [Doc. No. 104].
[15] [Doc. No. 104].
[16] [*Id.*].
[17] [Doc. No. 104].

9

should have granted the motion. *Sterling v. Hooper*, No. CV 17-2857, 2018 WL 1916847, at *10 (E.D. La. Jan. 26, 2018), report and recommendation adopted, No. CV 17-2857, 2018 WL 1912143 (E.D. La. Apr. 23, 2018) (citing *Meeks v. Moore*, 216 F.3d 951 (11th Cir. 2000)). However, "the defendant must prove more than mere public knowledge or familiarity with the facts of the case to be entitled to have his trial moved to another parish; rather, the defendant must show the extent of prejudice in the minds of the community as a result of such knowledge or exposure to the case before trial." *State v. Frank*, 803 So. 2d 1, 15 (La. 2001), as revised (Apr. 16, 2001).

Kelley failed to show that a change of venue would or should have been granted by the trial court. Kelley merely alleged that a change of venue is proper because of the social media coverage of the case.[18] However, "it is not required…that the jurors be totally ignorant of the facts and issues involved." *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). Even assuming *arguendo* that Kelley's point has merit, the Court conducted *voir dire* in this matter, and it resulted in a jury of Kelley's peers. Therefore, Kelley failed to prove that his counsel was legally ineffective by failing to file a motion for a change of venue. The Court finds that this claim is meritless.

### 5. Failure to disclose a conflict of interest

Kelley next asserts his counsel was legally ineffective by failing to disclose a conflict of interest.[19] The alleged conflict of interest concerns Kelley's attorney's alleged inappropriate comments about the prosecutor. The Government asserts Kelley's unsubstantiated allegations do not establish a conflict of interest.[20] The Court agrees with the Government.

"[W]hen a conflict of interest is alleged, whether that conflict adversely affected the defendant's overall representation should be the touchstone of the Court's inquiry." *U.S. v. Arledge*,

---

[18] [Doc. No. 97-1].
[19] [*Id*.].
[20] [Doc. No. 104].

No. 5:06-CR-18-DCB-JCS, 2012 WL 6084644, at *3 (S.D. Miss. Dec. 6, 2012), *aff'd*, 597 Fed. Appx. 757 (5th Cir. 2015) (unpublished). However, "any behind-the-scenes event occurring in [counsel's] personal life is irrelevant to the Court's inquiry regarding whether he (or his trial team) made reasonable decisions at trial." *Id*. at *3 n. 8. Kelley failed to put forth any evidence that his attorney's actions were unreasonable or prejudicial.

Because Kelley failed to show that his overall representation was adversely affected, the Court finds this argument meritless.

### 6. Failure to subpoena video or preserve witness statements

Kelley asserts his counsel was legally ineffective by failing to subpoena video evidence from Ouachita Correctional Center ("OCC") and preserve witness statements.[21] However, the Government asserts that none of this evidence would have changed the outcome of the trial.[22] The Court agrees with the Government.

*Strickland* does not mandate that an attorney interview all witnesses suggested by the defendant. *Bobby v. Van Hook*, 558 U.S. 4, 11 (2009) (per curiam) (providing that it is acceptable under *Strickland* to forego evidence that is cumulative and "distractive from more important duties").

Here, Kelley fails to prove that the video evidence or witness statements were not cumulative evidence. Kelley has not introduced any evidence to show that the video from OCC or the witness statements would have changed the outcome of his trial. Therefore, Kelley has failed to show that his counsel was legally ineffective by failing to subpoena video evidence from OCC. Nor has Kelley proved his counsel was legally ineffective by failing to preserve witness statements.

The Court finds this claim is meritless.

---

[21] [Doc. No. 97-1].
[22] [Doc. No. 104].

### 7. Agreeing to the stipulation about the letter.

Lastly, Kelley argues that his counsel was legally ineffective by advising him to agree to the stipulation that he prepared the letter.[23] His argument is that he was misinformed, which damaged his ability to present a defense.[24] The Government asserts that this claim is frivolous.[25] The Court agrees with the Government.

Counsel advised Kelley to sign a stipulation that he signed the murder-for-hire letter because Kelley is seen on video signing it.[26] Kelley admits that he signed the letter, and he even asked his counsel to subpoena the video to use in evidence.[27] Again, Kelley failed to prove that his counsel advising him to sign the stipulation was unreasonable or prejudicial. Therefore, the Court finds this argument meritless.

Because the Court finds Kelley has failed to show that his attorney's actions were objectively unreasonable under each of the alleged arguments, the Court need not analyze the second factor of *Strickland* because there is no way that Kelley can show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 695.

This Court has rejected each of Kelley's claims for ineffective assistance of counsel. Thus, his Motion is **DENIED** to the extent it raises these claims.

---

[23] [Doc. No. 97-1].
[24] [*Id*.].
[25] [Doc. No. 104].
[26] [*Id*.].
[27] [Doc. No. 97-1].

### C. Motion for New Trial

Kelley asserts that he is entitled to a new trial pursuant to Fed. R. Crim. P. 33 on the basis of newly discovered evidence.[28] The Government asserts that Defendant failed to meet any of the criteria for granting a motion for a new trial.[29]

Fed. R. Crim. P. 33 allows the district court to "vacate any judgment and grant a new trial if the interest of justice so requires," including on the ground of newly discovered evidence. However, motions for new trial are "disfavored and reviewed with great caution." *United States v. Turner*, 674 F. 3d 420, 429 (5th Cir. 2012) (quoting *United States v. Wall*, 389 F.3d 457, 465 (5th Cir. 2002)). These motions should only be granted in "rare" or "exceptional" circumstances in which "there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011). As the Fifth Circuit has explained, "the primary purpose of the newly discovered evidence rule is to afford relief when, despite the fair conduct of the trial … facts unknown at the trial make clear that substantial justice was not done." *United States v. Medina*, 118 F.3d 371, 373 (5th Cir. 1997) (quoting *United States v. Ugalde*, 861 F.2d 802, 807-09 (5th Cir. 1988)). The defendant bears the burden of proving he is entitled to a new trial. *United States v. Soto-Silva*, 129 F.3d 340, 343 (5th Cir. 1997).

The Fifth Circuit uses the five-factor *Berry* test to determine whether evidence is newly discovered and justifies a new trial. The factors are as follows:

> (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal.

---

[28] [*Id.*].
[29] [Doc. No. 104].

*Wall*, 389 F.3d at 467. "If the defendant fails to demonstrate any one of these factors, the motion for new trial should be denied." *Id*.

As a general matter, the Fifth Circuit does not consider post-trial affidavits as "newly discovered" evidence for purposes of Rule 33. *United States v. Lopez*, 979 F.2d 1024, 1036 (5th Cir. 1992). An affidavit may have been "newly available" information, but it is not "newly discovered" and does not warrant a new trial. *United States v. Metz*, 652 F.2d 478, 480-81 (5th Cir. 1981).

Here, Kelley failed to submit any evidence that satisfies the *Berry* factors. As to the first and second factors, at the time of the trial, the Defendant was aware of the inmates now providing affidavits. As to the third factor, the evidence was cumulative because the Defendant already testified at trial that Emmanuel was trying to extort him. This evidence is immaterial and does not satisfy the fourth factor. Nor would the introduction of this evidence be likely to result in an acquittal, so it does not satisfy the fifth factor.

Because the *Berry* factors do not weigh in favor of Defendant, he is not entitled to a new trial. Therefore, the Defendant's Motion is **DENIED** to the extent it seeks a new trial.

### D. Evidentiary Hearing

Kelley requests a hearing. Evidentiary hearings on § 2255 motions are not necessary unless the defendant shows some indicia of viable issues in his motion. *United States v. Harrison*, 910 F.3d 824, 826-827 (5th Cir. 2018) (holding that an evidentiary hearing as to a § 2255 motion is not required "if (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as matter of law, even if his factual assertions were true." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (holding that

14

no hearing is necessary as to a § 2255 motion if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief").

For the reasons set forth above, the Court finds that Kelley failed to demonstrate that there are viable issues within his Motion. Therefore, Kelley will not be granted a hearing. His Motion is **DENIED** to the extent it seeks such a hearing.

### IV. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant Steven Marcus Kelley's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 97] is **DENIED** in its entirety.

**IT IS FURTHER ORDERED** that Kelley's request for a new trial is **DENIED**.

**IT IS FURTHER ORDERED** that Kelley's request for an evidentiary hearing is **DENIED**.

MONROE, LOUISIANA, this 23rd day of July 2024.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

15